UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JHONY PIERRE,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>WHOLE FOODS MARKET,<br><br>　　　　Defendant. | \*<br>\*<br>\*<br>\*<br>\*<br>\*　　Civil Action No. 26-cv-11181-ADB<br>\*<br>\*<br>\*<br>\*<br>\* |

MEMORANDUM AND ORDER

BURROUGHS, D.J.

Jhony Pierre initiated this action by filing a *pro se* complaint, [ECF No. 1], and a motion

for leave to proceed *in forma pauperis*, [ECF No. 2].  For the reasons set forth below, the Court

allows Plaintiff's motion for leave to proceed *in forma pauperis* and grants Plaintiff leave to

amend his complaint to address the deficiencies identified below.

I.　　　BACKGROUND

On March 9, 2026, Jhony Pierre, while residing in Boston, Massachusetts, initiated this

action by filing a complaint on the preprinted Pro Se 1 form complaint for filing a civil case.

[ECF No. 1].  Although Pierre invokes this Court's federal question jurisdiction and alleges

discrimination and wrongful termination, [id. ¶¶ II, III], there are no factual allegations.  Named

as sole defendant is Whole Foods Market on Harrison Avenue in Boston.  [Id. ¶ I(B)].  Pierre

seeks "[$]50 million" because he "was wrongfully terminated and discriminated against."  [Id. ¶

IV].  With his complaint, Pierre filed an Application to Proceed in District Court without

Prepaying Fees or Costs (also referred to as an application or motion for leave to proceed *in*

*forma pauperis*.  [ECF No. 2].  On July 16, 2026, Pierre filed a notice of change of address.  [ECF No. 4].

## II.    MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS

Upon review of Pierre's Application to Proceed in District Court without Prepaying Fees or Costs, [ECF No. 2], the Court GRANTS the same.

## III.    SCREENING OF THE COMPLAINT

Because Pierre is proceeding *in forma pauperis*, his complaint is subject to a preliminary screening.  Under federal law, the Court may dismiss the complaint of a plaintiff proceeding *in forma pauperis* if the claims in the pleading lack an arguable basis in law or in fact, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2).

When examining the sufficiency of the pleadings, the court considers whether the plaintiff has pled "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).  The allegations in the complaint "must be simple, concise, and direct."  Fed. R. Civ. P. 8(d)(1).  A plaintiff's complaint need not provide an exhaustive factual account, only a short and plain statement.  Fed. R. Civ. P. 8(a).  However, the allegations must be sufficient to identify the manner by which the defendant subjected the plaintiff to harm and the harm alleged must be one for which the law affords a remedy. Iqbal, 556 U.S. at 678.  "If the factual allegations in the complaint are too meager, vague, or conclusory to remove the possibility of relief from the realm

2

of mere conjecture, the complaint is open to dismissal." S.E.C. v. Tambone, 597 F.3d 436, 442 (1st Cir. 2010).

In conducting this review, the Court liberally construes Plaintiff's complaint because he is proceeding *pro se*. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

IV.    DISCUSSION

Even with a generous reading of the complaint, it does not meet the screening requirements of 28 U.S.C. § 1915(e).

Pierre brings this action against his former employer, however, the sparse allegations are entirely conclusory and are not supported by factual allegations identifying specific acts of misconduct and when they occurred. Although Pierre alleges that he was subjected to discrimination and wrongful termination, the complaint fails to provide sufficient factual content which, treated as true, would allow the Court to draw a reasonable inference that the defendant is liable to him. The defendant would not be able to respond to Pierre's vague allegations, and, for the same reason, the complaint does not show that he is entitled to relief.

Although it is unclear whether Pierre can remedy the jurisdictional and pleading deficiencies of this action, if he nonetheless wishes to proceed, he must file an amended complaint that asserts a basis for this Court's subject matter jurisdiction and states a plausible claim for relief. If Plaintiff files an amended complaint, that amended pleading—a new stand-alone document—must address the above deficiencies and set forth a plausible claim upon which relief may be granted. The amended complaint will replace the original complaint, which will no longer be considered an operative pleading. The amended complaint must identify all of the parties in the caption. It must set forth the basis for this Court's exercise of jurisdiction and

focus on the legal claims against each defendant, along with the basis for such claims.  If an amended complaint is filed, it will be further screened.

V.      CONCLUSION

Accordingly, it is hereby ORDERED that

1.      The motion for leave to proceed *in forma pauperis*, [ECF No. 2], is ALLOWED.

2.      If Plaintiff elects to proceed in this matter, within 28 days of the date of this Memorandum and Order, he shall file an amended complaint curing the pleading deficiencies of the original complaint and setting forth a plausible claim upon which relief may be granted. Failure of Plaintiff to comply with these directives will result in the dismissal of this action without prejudice.

IT IS SO ORDERED.

July 21, 2026                          */s/ Allison D. Burroughs*
                                       ALLISON D. BURROUGHS
                                       UNITED STATES DISTRICT JUDGE

4